### 7244

### GERMANIA BREWING CO. v. DISPENSARY BOARD FOR CHARLESTON COUNTY.

DISPENSARY LAW—LICENSE.—A brewing establishment having a license under the dispensary act, 25 Stat., 463, to bottle from twenty to forty barrels of beer per day makes itself liable to pay the license for the next highest class by bottling on any one day more than forty barrels of beer.

Before MEMMINGER, J., Charleston, July, 1908. Affirmed.

Action by Germania Brewing Co. against the County Dispensary Board of Charleston County. The Circuit decree is:

"This matter came up for hearing before me at Charleston, July 1, 1908, upon the complaint and answer and a letter of J. N. Nathans, attorney, to Mitchell & Smith, of date March 19, 1908, all of which are to be herewith filed; Mr. Mitchell was heard for the plaintiff; Mr. Nathans, contra.

"The precise point arising for decision is whether or not the plaintiff brewery, having on one day in the year for which it had paid a license to manufacture and sell beer bottled off more than forty (40) barrels of beer, thereby exceeded the limit of its license under the act of 1907, page 476, for which it had paid $3,000 for permission to use from twenty to forty barrels per day, and became liable for the license fee of $5,000 required of breweries using more than forty barrels per day.

"On behalf of the brewery it is claimed that the $3,000 license is not exceeded unless the yearly average of forty barrels per day is used, and, secondly, that the bottling of more than forty barrels in a day is not beyond the scope of the license, on the ground that the word 'use' in the statute contemplates not only manufacture and bottling, but sale, and that the mere bottling off from the barrels of more than forty barrels would not constitute the prohibited use of more than forty barrels.

"The questions presented admit of and have received subtle argument from either standpoint, and there can be no doubt but that, whatever view is taken, strong argument can be advanced either for or against it, so that a decision must depend upon whichever view seems most rational and fairly deducible from the terms of the act itself.

"I have studied it very carefully, and am against plaintiff on both positions stated.

"The act is entirely permissive and must receive strict construction.

"Upon the point of the use extending beyond the transfer from the barrel, and to the extent of actual sale, it seems to me that the wording and sense of the act clearly does not go to that extent. The barrel of beer is made the unit, beyond the use of forty of which units the license must not go. It appears that the revenue stamps are taken out for the barrel unit, and no provision is made in the act for tracing the product beyond the barrel into the bottle and on to sale. The license is for 'manufacturing or bottling lager and rice beer—the following sum, to wit: Such establishment using * * * from twenty to forty barrels per day, $3,000.' To accept plaintiff's conclusion would be to write in the statute the word 'selling.' The statute permits the use of forty barrels. Whether sold or otherwise disposed of would make no difference to the defendants, as the

statute reads. ˙The statute contains specific declarations in respect to regulation of sale further on.

. "Upon the point of per day, meaning the average of the year, it seems to me that that construction would again require statutory interpolation. If that be the meaning of the act, why not have written into it the maximum number per year, computing it at the number of days in the year multiplied by the maximum of forty barrels per day; nor under that construction could it be ascertained whether the license limit was being exceeded until the end of the year, when the average daily use could be estimated; whereas, the license is to be paid in advance, based on a maximum size of the establishment, giving it a wide range of use, from twenty to forty barrels per day. My idea is that that means for any day. Upon any day when that maximum figure is exceeded the establishment goes into the next highest class of license, and becomes an establishment using more than forty barrels per day, that is, by or through the day.

"It seems to me that the converse of the position taken for plaintiff so refutes it as to demonstrate its unsoundness. Suppose the brewery had contracted with defendants to supply them with not less than forty barrels of beer per day and failed on any one day to so furnish them, could it be concluded that it had not thereby breached its contract because some days it furnished sixty barrels and others only ten and average during the year forty barrels per day?

"How much stronger when the question is not merely one of contract, but of strict statutory enactment?

"I am of opinion, therefore, that plaintiff is subject to the license fee of $5,000 referred to, and is not entitled to the relief demanded in its complaint."

From the decree the plaintiff appeals.

*Messrs. Mitchell & Smith* for appellant.

*Mr. J. N. Nathans,* contra.

July 19, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This appeal involves the construction of Section 36 of the Dispensary Law of 1907, 25 Stat., 463, in respect to the license fees imposed "for breweries and bottling establishments." The meaning of the statute is not quite clear, but we think the Circuit Judge has shown that the stronger reasoning supports his conclusion.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.